IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 14, 2006

## BRIAN MICHAEL NEWMAN v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Knox County**
**No. 78179     Ray L. Jenkins, Judge**

_____

**No. E2005-01967-CCA-R3-PC - Filed May 15, 2006**

_____

The petitioner, Brian Michael Newman, appeals the dismissal of his petition for post-conviction relief in which he asserted various instances of ineffective assistance of counsel. A review of the record supports the findings of the post-conviction court. We affirm the denial of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID H. WELLES and THOMAS T. WOODALL, JJ., joined.

Albert J. Newman, Jr., Knoxville, Tennessee, for the appellant, Brian Michael Newman.

Paul G. Summers, Attorney General and Reporter; Leslie Price, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Zane M. Scarlett and Patricia Cristil, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

Facts and Procedural History

On September 18, 2002, the petitioner entered pleas of guilty to aggravated sexual battery and especially aggravated sexual exploitation of a child. Pursuant to the plea agreement, the trial court sentenced the petitioner to an effective sentence of twelve years, as he received twelve years on each charge with the sentences to run concurrently. On September 19, 2003, the petitioner filed a pro se petition for post-conviction relief. Thereafter, the post-conviction court appointed counsel, and an amended petition was filed. In the amended petition, the petitioner claimed that: (1) trial counsel was ineffective in failing to adequately confer with the petitioner so as to properly inform

and advise him of the status of his case and of possible theories of defense and failing to interview any of the witnesses on the indictment; and (2) his plea was not voluntarily or knowingly entered.[1]

The post-conviction court held an evidentiary hearing on July 1, 2004, and after some testimony by the petitioner, continued the matter for further hearing to obtain an interpreter for the petitioner who is a United States citizen but is originally from Hungary. On June 9, 2005, the post-conviction court held another hearing after it was determined that the petitioner did not require an interpreter and thereafter denied relief. The petitioner now appeals to this Court contending that the post-conviction court erred in failing to find ineffective assistance of trial counsel. Following our review, we affirm the trial court's denial of post-conviction relief.

At the post-conviction hearing, trial counsel testified that he and the petitioner discussed the case extensively. He further stated that he and the petitioner discussed, at length, the issue of the victim's age to ensure that he had a "handle on that." He testified that he interviewed members of the investigation team and filed a bill of particulars asking the court to order the State to provide him with all possible information about the victim's age so that he could determine whether the proof would permit the State to prove their case. Moreover, trial counsel testified that the petitioner admitted to intimacy and sexual contact with the victim before the child turned thirteen. He testified that the petitioner acknowledged to him that he made unsuccessful efforts at intercourse with the victim before she turned thirteen and that after she turned thirteen, he was successful in his attempts at intercourse with her.

On cross-examination, trial counsel testified that he had no trouble communicating with the petitioner due to a language barrier. He further testified that the petitioner's grammar and diction were better than some of his clients born and raised in East Knoxville. He also testified that the petitioner never told him that the child's birth date was incorrect. Further, he testified that he did not focus on the charge of Especially Aggravated Sexual Exploitation of a Minor because the petitioner basically told him that the allegations were true as provided in the State's discovery. He turned his focus to when the acts occurred rather than on whether they occurred.

The petitioner testified that he met with trial counsel for a total of only two hours. He further testified that he was never provided any documents in the case and that trial counsel threatened him with deportation if he did not plead guilty. Finally, he stated that he did not understand the charges against him. On cross-examination, the petitioner testified that he sought to have the case transferred to Hungary because he felt it was in his best interest to be tried under Hungarian moral standards rather than American moral standards.

At the conclusion of the hearing, the post-conviction court took the matter under advisement and, by order entered July 29, 2005, dismissed the petition for relief. The court first found that the petitioner did not carry the required burden of proof to a clear and convincing level. The court also

---

[1] On appeal, the petitioner does not challenge the post-conviction court's finding of a knowing and voluntary plea.

found that there was no proof that appointed counsel violated the standard of competence and that the standards of Strickland v. Washington, 466 U.S. 668 (1984), were not alleged or proven. In support, the court noted that trial counsel was credible in his testimony and, further, that he was in a better position than the petitioner to recall the details of his representation.

Analysis

On appeal, the petitioner claims the following instances of ineffective assistance of counsel:
(1) Failure to investigate the crucial fact of the correct age of the victim; and
(2) Improper reliance on the discovery materials supplied by the state.
When a claim of ineffective assistance of counsel is made under the Sixth Amendment, the petitioner bears the burden of proving (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the proceedings were fundamentally unfair. Strickland v. Washington, 466 U.S. at 687. This standard has also been applied to the right to counsel under Article I, Section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417 n.2 (Tenn. 1989). When a petitioner claims ineffective assistance of counsel in relation to a guilty plea, the petitioner must prove that counsel performed deficiently and that, but for counsel's errors, the petitioner would not have pled guilty but would have instead insisted upon going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

In Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975), our supreme court required that the services be rendered within the range of competence demanded of attorneys in criminal cases. In reviewing counsel's conduct, a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689; see Nichols v. State, 90 S.W.3d 576, 587 (Tenn. 2002).

The petitioner bears the burden of proving by clear and convincing evidence the factual allegations that would entitle the petitioner to relief. T.C.A. § 40-30-110(f) (2004). This court is bound by the post-conviction court's findings of fact unless the evidence preponderated against those findings. Fields v. State, 40 S.W.3d 450, 456-57 (Tenn. 2001).

In the present case, the petitioner contends that trial counsel was ineffective by failing to conduct an independent investigation into the actual age of the victim. Specifically, he avers that he denied that the victim was under the age of thirteen at the time of the offenses. He further contends that, because his counsel relied solely on the discovery materials provided by the state, he could not effectively advise him as to the entry of a plea.

However, the post-conviction court did not find that trial counsel's actions amounted to ineffective assistance. Rather, the court found that trial counsel was credible in his testimony that the petitioner told counsel that the petitioner was sexually intimate with the victim while she was under the age of thirteen. Further, the court found that trial counsel was in a better position to remember his representation of the petitioner supported by the notes counsel relied on in testifying

at the post-conviction hearing. Based on these findings, the post-conviction court held that trial counsel's reliance on the petitioner's representations and the provided discovery materials as to the actual age of the child in lieu of conducting an independent investigation did not amount to ineffective assistance of counsel.

Upon review of the record, we conclude that the evidence presented on appeal does not preponderate against the findings of the post-conviction court. In sum, the petitioner has failed to show by clear and convincing evidence that trial counsel's failure to conduct an independent investigation as to the age of the victim constituted deficient performance.

<u>Conclusion</u>

Based on the foregoing and the record as a whole, we affirm the denial of post-conviction relief.

_____
JOHN EVERETT WILLIAMS, JUDGE